## FULLER *vs.* WASON.

In order to entitle a tenant in dower to take fire-wood, there must be a house upon the land when it is assigned to her as dower

Such tenant can use the wood only in such house. And if she take it herself, or permit any one else to take it, to be used elsewhere, it is waste.

THIS was an action on the case for waste. The cause was tried on the general issue at February term, 1834, when it appeared in evidence that Dolly Hardy was the widow of Asa Hardy, deceased, and that the premises described in the declaration had been assigned to her as her dower in the estate of the said Asa, the reversion being in the plaintiff.

There was a dwelling on the premises, and the said Dolly was under the guardianship of the defendant.

In March, 1832, the defendant set up at auction the right to occupy and improve the said house and land for one year from the 1st April, 1832, with the right to cut wood enough for one fire, without committing strip or waste; and one Moses Stone became the purchaser. It was understood at the time that Stone did not intend to occupy the house himself. Stone permitted one Swan to occupy the house on the premises, but Swan cut no wood there. Stone, however,

who did not live on the premises, took all his wood there for the year, cutting and using it in a prudent manner.

It appeared that the house on the premises would have required more wood than the one into which Stone removed.

The court instructed the jury upon the above facts that what was done by the defendant amounted to a sale of the wood off the premises, and rendered the defendant liable for waste ; the defendant having no right to sell to Stone so much wood as would maintain one fire for him at a place not upon the land.

The jury returned a verdict for the plaintiff, and the defendant moved for a new trial upon the foregoing case.

By the court, RICHARDSON, C. J. The question to be settled in this case is, whether a tenant in dower has a right to sell wood growing upon the land, to be used any where except upon the land.

The statute enacts that no woman shall commit any strip or waste upon any lands whereof she shall be endowed, but she shall maintain such lands in good and sufficient repair during her estate therein, and shall so leave the same at the expiration of her estate therein ; and shall be liable to respond in damages to the owner of the reversion for any strip or waste by her done or suffered thereupon.

A tenant in dower may convey her estate ; and it may be taken by an extent of an execution upon it. And he to whom the estate so passes will have all the right she had. 10 *Mass. R.* 260, *Barber* vs. *Root ;* 16 *ditto* 186, *Roberts* vs. *Whiting.*

Every tenant in dower has a right incident to the estate to take fire-wood, if there be a house assigned to her on the land ; to take timber for the repairing of fences and buildings, if there be fences and buildings upon the land, and to take timber to make ploughs, &c., if there be tillage. *Co. Littleton* 41, *b, and* 53, *b ; Woodfall* 234 ; 7 *Pick.* 152.

But she has only a special property in the wood, to use it

for these purposes upon the land, and cannot sell it. 11 *Coke* 82 ; 2 *N. H. R.* 430, *Elliot* vs. *Smith* ; 7 *Pick.* 152, *Padelford* vs. *Padelford* ; *Co. Litt.* 53, *b.*

She cannot be endowed of woodland, unless it was occupied with the farm by the husband. 1 *Laws,* 540.

She may build a new house upon the land, but she cannot take timber from the land for that purpose. Nor can she take timber from the land for the purpose of repairing the house so built. *Hobert* 234, *Darcy* vs. *Askwith.*

She cannot dig earth and carry it off the land. *Bacon's Ab.,* " *Waste,*" *sec.* 3.

She cannot take timber to build new fences, where there were none before. *Co. Litt.* 53, *b.*

It is thus apparent that in order to entitle a tenant in dower to take fire-wood, there must be a house upon the land when her dower is assigned to her ; that she can take wood only to use in such house ; and that if she take it herself, or permit any other person to take it, to be used in any other place, it is waste.

There must, therefore, be in this case,

*Judgment on the verdict.*