## JOHNSON *v.* JOHNSON.

A tenant for life cannot sell wood upon the estate, for the payment of the expense of cutting and conveying to her house the fuel to which she is entitled.

The words of a testator cannot be shown in evidence, to change the meaning of the will.

CASE, in the nature of an action of waste, brought by the reversioner of one eighth part of certain premises described in his writ, against the tenant for life.

It appeared that the premises formerly belonged to one John Johnson, deceased, who, by his will, gave to the defendant his personal property, and in addition made the following bequest:

"I give and devise to my wife, Dolly Johnson, during her natural life, the use and income of all my real estate."

He also devised to the plaintiff one eighth part of all his estate not disposed of which may be left after the decease of the defendant, to have and to hold the same to him and his heirs and assigns forever.

The plaintiff then proved that the defendant, at the times set forth in the writ, had taken fire-wood necessary for her own use, from the premises, and had paid the persons, for cutting and drawing the same, with wood taken

by them from said premises by her authority, they cutting at the halves, and taking an equal quantity with herself.

The defendant introduced evidence tending to show that the growth of the wood upon said premises exceeded in quantity that which was taken therefrom. She also, for the purpose of explaining the intention of the testator in making the two devises, offered to prove that, during the week preceding his death, she asked her husband how she should get her wood, as she could not go into the woods herself and cut it, and he then told her that she could do as he had done for her mother and his mother — that is, she could employ some one to go into the woods and cut and draw the wood to her door at halves.

But the court rejected the evidence. The counsel for the defendant moved the court to charge the jury that the devise in the will to the defendant and plaintiff, taken and considered together, show the intention of the testator to have been that the defendant should have and enjoy something more than a life estate, technically so called, in the premises, and that she was entitled to the growth and increase of the wood. But the court declined so to charge the jury. A verdict was taken, by consent, for the plaintiff, on which judgment is to be entered, or the verdict is to be set aside, and judgment entered for the defendant, as the opinion of the court shall be upon the whole case.

*Porter*, for the defendant. The defendant claims under a will made by her husband for her benefit. The will ought to be construed with reference to the relation of the parties, and so as to secure its objects. "The use and income of the land," are something more than what belongs to an ordinary tenant for life, and may, under the circumstances, comprehend the growth and increase of the wood upon the land.

The testimony of John Knight did not go to contradict

the will, but to explain a latent ambiguity, and ought to have been admitted. 2 Williams' Executors 804; Powell on Dev. 502–8; *Rudsworth* v. *Ruggles*, 6 Pick. 63.

*Stickney*, for the plaintiff. The defendant has a life estate, and no more. The words, " use and income," do not enlarge it. Income is annual produce. She cannot sell a part of the freehold itself.

The evidence was properly rejected. There was no ambiguity in the will.

The defendant's acts amounted to waste. 7 N. H. Rep. 341; 2 N. H. Rep. 430.

GILCHRIST, J. The words of the devise are: "I give and devise to my wife, during her natural life, the use and income of all my real estate," and " I give and devise to my brother, Moses Johnson, one eighth part of all my estate not herein disposed of, which may be left after the decease of my wife," &c.

The defendant is, therefore, tenant for life, and the plaintiff has the remainder, and is entitled to sue for waste committed upon the estate.

The tenant for life, committing waste, is liable in this form of action to the remainderman, unless she is, by the terms by which her estate has been created, exempted from those restraints which, since very early times, have qualified that interest. In other words, unless she has an estate for life, without impeachment of waste, she is liable. 2 Blackst. Com. 283; *Sackett* v. *Sackett*, 8 Pick. 314; *Chase* v. *Haselton*, 7 N. H. Rep. 171.

It is impossible to perceive, in the words by which this life estate has been created, any evidence of the testator's intention to dispense with the ordinary restraints and qualifications which attend estates for life in general. Nor do the circumstances and the relation between the parties, adverted to in the argument, or the terms in which

the remainder over is limited, raise the presumption that such an intention was in the mind of the testator, much less do they amount to an expression of such a purpose. The case is certainly not stronger than that of *Chase* v. *Haselton*, 7 N. H. Rep. 171, in which the grant was by way of a quitclaim of all the grantor's right and interest in the land for the life of the grantee, which was held not to authorize waste, or to deprive the grantor of his right to recover for waste committed.

What amounts to waste is a question not always free from doubt and difficulty. The tenant for life may have reasonable estovers for house-bote, and may, from trees commonly used for fuel, take sufficient to supply the house upon the estate. Blackst. Com., *ubi supra*. But this right has not been construed to be a right to sell wood from the estate. In *Paddleford* v. *Paddleford*, 7 Pick. 152, it was held that trees, which were of a quality that would have justified their use by the tenant for fuel, could not lawfully be sold or exchanged for fuel to be consumed upon the estate. And in this State, in the case of *Fuller* v. *Wason*, 7 N. H. Rep. 341, it was decided that wood could not be sold by the tenant for life, although having the right to consume it even in a larger quantity than that which was sold. The act of selling was, in both the cases cited, distinguished from the exercise of the personal right of consuming, in a particular manner, that which belonged to the remainderman, and was attached to the estate, and was held to be waste.

The tenant, in the present case, sold a portion of the trees, to pay the expense of cutting and conveying to her door those which she had a right to take for fuel. This act plainly transcends the limit of her rights, as fixed by cases cited; for if she can sell for one purpose, she may do so for another.

The trees are parcel of the realty, and belong to the remainderman, subject only to the right of the tenant to use a portion of them for special purposes. The growth

and the decay of the forest are of no concern to him. If a tempest uproots the trees, the remainderman is held to be entitled to carry them away, and in certain cases the court of chancery has directed decaying timber to be cut and sold for the benefit of the same party, saving always the rights of the life tenant, who is to be indemnified for the loss of his usufructuary interest in them. *Bewick* v. *Whitfield*, 3 P. W. 267 ; S. C., 2 do. 240.

There is no principle which would have justified the admission of evidence of what the testator said, to vary the meaning of the words of the will which he executed.

*Judgment on the verdict.*